THE STATE OF MONTANA, ON THE RELATION OF MARK
FRELICH, JR., AND IRENE FRELICH, HUSBAND AND
WIFE, RELATORS, v. THE DISTRICT COURT OF THE SIXTH
JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR
THE COUNTY OF PARK, AND THE HONORABLE GEORGE J.
ALLEN, PRESIDING JUDGE THEREOF, RESPONDENTS.

No. 10510

Submitted October 1, 1962. Decided October 29, 1962.
Rehearing denied November 29, 1962.
375 P.2d 1016.

Paul T. Keller (argued orally), Helena, David B. Fitzgerald, Livingston, for Relators.

Daniel J. Sullivan (argued orally), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. The situation giving rise to its filing was that in a condemnation action pending in the district court of Park County the district court on June 27, 1962, appointed three commissioners to ascertain and determine the amount to be paid by the plaintiff State of Montana to the defendants as damages by reason of the appropriation of certain property by the plaintiff.

The commissioners undertook their assignment and on July 6, 1962, rendered their report. Notice of the filing of such report was given by the clerk of the district court on July 16, 1962.

On July 19, 1962, the plaintiff made a motion to alter or amend commissioners' award, wherein they requested the court to strike certain damages found therein by the commissioners and a certain recommendation made by them. Such motion was served on defendants' attorneys on July 20, 1962.

On August 14, 1962, two days before their time expired, defendants appealed from the commissioners' award and filed their notice of appeal in the district court.

On August 27, 1962, the district court entered an order granting the plaintiffs' motion and ordering certain items stricken.

On October 1, 1962, plaintiffs in the district court action, as relators, brought this original proceeding seeking an appropriate writ to annul the order of the district court and reinstate the award as found by the commissioners. An alternative writ

was issued herein and upon the return day respondents appeared by motion to quash and, without waiver, filed their return and answer. The respondents' motion to quash contends that relators' application was insufficient in law and in fact to entitle relators to any relief; that the record of the district court furnished in support of the application was incomplete; that the application fails to show any arbitrary or unlawful action; and that relators had a plain, speedy and adequate remedy at law. We do not believe the motion is well-taken.

The return and answer admits most of the allegations of the application but in connection with the order of August 27, 1962, alleges that while the order was made, entered and filed on said date, it was merely a written order supplementing an oral order made by the district court on July 31, 1962, and that such order was in full force and effect from the 31st day of July, 1962. It is further denied that the order was erroneous or improper.

The sole question involved is whether or not a district court can alter or amend a commissioners' award after it has been filed with the district court and notice thereof given to the parties by the clerk. There are other matters present here but it does not appear necessary to discuss them in our view of the proceedings.

Section 93-9914, R.C.M.1947, as amended by Chapter 234, § 6, Laws of 1961, provides in part:

"The report of commissioners shall be made on such forms as are provided for their use by authority of the court."

The recent amendments in 1961 to section 93-9912, R.C.M. 1947, providing for the presence of the judge at the commissioners' hearing and his making all necessary rulings upon procedure and the admission of evidence and at the conclusion of the hearing instructing them as to the law and their duties, clearly gives the presiding judge supervision over the commissioners, but it does not grant to the court the right to amend or alter their award. The commissioners are sworn to "well and truly try the issues of compensation and a true de-

cision render according to the evidence and in compliance with the instructions of the court * * *.'' (R.C.M.1947, § 93-9912.)

In view of these provisions it appears to us that if the report did not follow the form provided by the court, or is not in compliance with the instructions of the court, the commissioners should be given the opportunity to correct it so that it does comply. The court, in such circumstances, should call the commissioners again into session, after notice to counsel affording them an opportunity to be heard, and instruct each such commissioner further wherein their report does not comply with the form or instructions. Since provision is made for an appeal from any assessment made by the commissioners such assessment must be one made by them, although made upon the form provided and under the instruction and supervision of the court.

Since in this cause the report of the commissioners was *not in accordance with the instructions of the court* the district judge endeavored by his order to make it comply, but from what we have heretofore stated we cannot approve the method adopted, and must hold that the order was improper. Since an appeal has been taken from the award it is now too late to do anything other than to bring the matter on for trial in the manner provided by section 93-9915, R.C.M.1947.

Respondents have contended that the provisions of Rule 59(e) Montana Rules of Civil Procedure are applicable and that the motion was proper thereunder. This section of the Rule deals with motions to alter or amend a judgment and the commissions' award is not a judgment. Section 93-9915, R.C.M.1947, provides that if the assessment by the commissioners becomes final, which would be if there was no appeal therefrom, judgment shall be entered. In the instant case the assessment by the commissioners did not become final because an appeal was taken therefrom and no judgment was or could have been entered.

The motion to quash is denied and the order entered by the

district court on August 27, 1962, is hereby vacated and set aside.

It is so ordered.

MR. JUSTICES ADAIR, JOHN C. HARRISON, CASTLES, and the HONORABLE E. GARDNER BROWNLEE, District Judge, sitting in place of MR. JUSTICE DOYLE, concur.

On petition for rehearing.

Respondents by their petition for rehearing call to our attention a possible situation whereby under our opinion the relators might drop their appeal and since the State of Montana relied upon the order of the respondent court, in such event, the State would have no appeal because of procedural time limits involved.

Relators petitioned this court for relief by appropriate writ in aid of their appeal from the award of the Commission. Under such award the State was required to deposit with the Clerk of the District Court the amount thereof before it could be let into possession of the property, and relators could require a portion thereof to be delivered to them pending the determination of their appeal. The effect of the district court's order was to reduce the amount required to be deposited.

The only reason for our acceptance of this proceeding and the vacating and setting aside of the district court's order was to preserve for relators their statutory right to have their appeal from the original commissioner's award heard and the deposit made in accordance therewith.

It requires very compelling reasons, and apparent injustice, to move this court to consider a district court ruling when the matter is still pending and not finally determined before such court. We felt this was such a situation and exercised our discretion solely in aid of the appeal by relators from the award. Were it otherwise, since relators' appeal was pending, we would have declined to interfere. Since relief was sought and granted upon this basis the appeal may not be dismissed ex-

174

cept by consent of both parties or by order of the district court.

In such circumstances the petition for rehearing is denied. Done this 29th day of November, 1962.